THE STATE OF MISSOURI *ex rel.* RUBEN S. LANYON, Relator, v. THE JOPLIN WATER WORKS *et al.,* Appellants.

Kansas City Court of Appeals, January 2, 1893.

1. **Construction:** ORDINANCE: WATER WORKS MONOPOLY. An ordinance, giving the defendant corporation exclusive right to operate a system of water works in the city, fixed the maximum rate at twenty-five cents per thousand gallons, approximated at so much per annum for dwellings, etc., provided the party requiring a meter should pay the expense of the same. Plaintiff piped his dwelling, put in the most approved meter, tendered the necessary charges to the company. *Held,* it was the company's duty to turn on the water.

2. **Mandamus:** CORPORATION PERFORMING A PUBLIC FUNCTION. Where a citizen complies with all the requirements of the ordinance granting as a franchise to a corporation the exclusive right to discharge certain duties, as furnishing water, and the corporation refuses, *mandamus* will lie to compel the performance of the duty, there being the presence of a specific legal right and the absence of an effectual legal remedy.

3. ———: VARIANCE BETWEEN ALTERNATIVE AND PEREMPTORY. A peremptory writ can go no further nor vary in any substantial particular the alternative, but such departure must be material to be fatal.

*Appeal from the Jasper Circuit Court.*—Hon. M. G. McGregor, Judge.

Affirmed

*Cunningham & Dolan,* and *Galen, Spencer & Spencer,* for appellants.

(1) *Mandamus* is not the proper remedy. *State ex rel. v. Trustees,* 115 Ind. 480; s. c., 16 N. E. Rep. 811. It cannot be said that the contract to furnish the inhabitants of the city of Joplin with water imposes a public duty upon the defendant company, any more than rests upon a turnpike company, bridge company, railroad company or any other common carrier; and yet, as applied to all of these, it has been held that *mandamus* will not lie to compel the performance of an alleged duty, and especially so at the suit of an individual. *State v. Turnpike Co.,* 16 Ohio St. 308; *State v. Railroad,* 43 N. J. L. 505; *State v. Bridge Co.,* 20 Kan. 404; *People v. Dulany,* 96 Ill. 503; High on Extraordinary Legal Remedies, sec. 321. (2) A peremptory writ of *mandamus* should not be granted unless the relator shows a clear right to the remedy which he asks. *State ex rel. v. Buhler,* 90 Mo. 560; *State ex rel. v. Flad,* 26 Mo. App. 500; Merrill on Mandamus, sec. 12; *State v. Railroad,* 42 La. Ann. 138; 4 Wait's Actions & Defenses, sec. 11, p. 382; High on Extraordinary Legal Remedies, secs. 9, 277, 278, 290, 320, 321; *State ex rel. v. Tel. Co.,* 22 N. W. Rep. 237; *State ex rel. v. Tel. Co.,* 36 Ohio St. 296. (3) Section 14, upon which relator relies, should be construed according to the manifest intention of the parties thereto, as gathered from reading the whole, which intention is that for the purposes enumerated in the schedule therein water should be supplied at the rates

there set forth, and according to said schedule; and that only when water was used for purposes not therein specifically enumerated the rates should be determined *pro rata* by meter measurement; and the relator, not wanting to use water for any other purpose than therein specified, he is not entitled to have it furnished him by meter measurement. *Shelty v. Bailey*, 40 Mo. 69; *People v. Casper*, 3 Neb. 285; *Cook v. Bow*, 39 Conn. 296; *Miller v. Waggonhauser*, 18 Mo. App. 11; *State ex rel. Cannon v. May*, 106 Mo. 488; *State v. Bryant*, 90 Mo. 534; *Vaugh v. Porter*, 11 Vt. 266; *Baxter v. State*, 9 Wis. 38–45; *Terrence v. McDougal*, 12 Ga. 526; Webster's Dictionary, "Approximate;" Rapalje & Lawrence's Law Dictionary; *Williamson v. McClure*, 37 Pa. St. 402; *Tracy v. Chicago*, 24 Ill. 500; *Ex parte Joffee*, 46 Mo. App. 269. (4) The peremptory writ does not conform strictly to the alternative writ. More is granted by the peremptory writ than is demanded by the alternative writ. *State ex rel. v. Beyers*, 41 Mo. App. 503; *State ex rel. v. Field*, 37 Mo. App. 101; *People v. Brooks*, 57 Ill. 142; *State v. Railroad*, 59 Ala. 321; *Cross v. Railroad*, 34 West Va. 742; *Hartshorn v. Elsworth*, 60 Me. 276. "The rule has always been that the peremptory writ must conform strictly to the alternative writ." *State ex rel. v. Railroad*, 77 Mo. 147.

*J. W. McAntire*, for respondent.

(1) *Mandamus* is the proper remedy to compel the water company to perform its duty to the inhabitants of the city. 2 Beach on Private Corporations, secs. 834, 835, 836; 2 Morawetz on Private Corporations, secs. 1132, 1133, and authorities therein quoted; *State ex rel. v. Railroad*, 86 Mo. 13; *Easton v. Water Co.*, 97 Pa. St. 554; *State ex rel v. Everett*, 52 Mo. 89; *Rail-*

*road v. Morgan Co.*, 53 Mo. 156; 61 Mo. 158; 73 Mo. 161; *State ex rel. v. Railroad*, 77 Mo. 148. (2) A substantial compliance of the peremptory writ with the alternative is all that is required. *State ex rel. v. Mayor*, 36 Mo. App. 550; *State ex rel. v. Francis*, 95 Mo. 44; *Munn v. Illinois*, 94 U. S. 113; *Water Co. v. Bryant*, 52 Cal. 132; *Water Co. v. San Francisco*, 52 Cal. 111; *Water Works v. Bartlett*, 63 Cal. 245; *Lumbard v. Stearns*, 4 Cush. 60; *Water Works v. Schottler*, 110 U. S. 347, 354; *Dayton v. Quegley*, 29 N. J. E. 77; 2 Stew. 1878; Morawetz on Private Corporations, sec. 1132; *Gaston v. Water Co.*, 97 Pa. St. 584. (3) The ordinance should be construed according to the intent of the parties, and if this can be ascertained by the acts and conduct of the parties such interpretation should prevail. *Brewing Co. v. Water Works*, 34 Mo. App. 50; Dillon on Municipal Corporations, sec. 420; *Matheisas v. Danchy*, 26 Mo. App. 660; *Belch v. Miller*, 32 Mo. App. 387; 4 Dillon on Municipal Corporations, secs. 319, 321, 322, 323, 325, 326; *State ex rel. v. Francis*, 95 Mo. 44.

GILL, J.—The defendant water company, at the beginning of this suit, owned and operated a system of water works in the city of Joplin, wherein it had an exclusive right under and by virtue of an ordinance of said city. Section 14 of this ordinance attempts, as far as may be, to prescribe the rates or charges for consumers. It reads as follows: "Sec. 14. The water rates to consumers shall not exceed twenty-five cents per one thousand gallons, or one cent per barrel, approximated for the several purposes, as follows." Then appears a schedule of prices per annum for dwellings (so much per room), hotels, offices, stores, bakeries, saloons, butcher shops, soda fountains, water closets, etc., concluding with this clause: "Rents for all purposes not hereinbefore enumerated will be

fixed by estimate or meter measurement at a rate *pro rata* to quantity used, not exceeding in any instance twenty-five cents per one thousand gallons, or one cent per barrel; provided, however, that the party requiring the meter must pay the expense of the same."

Plaintiff Lanyon erected at Joplin a family residence, and provided the same with the necessary pipes, etc., to supply it with water from the defendant's mains. He also put in at his own expense a meter of the most approved design. Lanyon then applied to the water company to turn in the water through his meter and into his dwelling, accompanying his application with a tender of the necessary prepayment of charges. The water company declined to supply water to be measured and paid for according to the meter, but did offer to let in water if plaintiff would pay according to the schedule of approximated prices. Thereupon Lanyon brought this action in *mandamus* to compel the company to turn on the water and supply his premises according to the meter rates. At the final hearing the circuit court awarded a peremptory writ as prayed by plaintiff, and defendant appealed.

This case must turn on the proper construction of section 14 (above quoted from) of the ordinance which grants the defendant its exclusive franchise to operate water works in Joplin. The defendant takes the position that it is obliged under the terms of that section to supply water to residences, and all other subjects specifically named, when and only when, the consumer shall pay, or offer to pay, the price affixed to each item, and that the company is not bound to supply water for any residence, or other subject so specifically mentioned, on charges to be paid as per meter measurement at twenty-five cents per thousand gallons; while the plaintiff asserts the right to an option of taking water at the fixed rate named in the

schedule or by placing a meter at his own expense, to have water supplied at the price of twenty-five cents per one thousand gallons, actual measurement.

In our opinion the plaintiff's position is the correct one. The manifest intention of the ordinance, it seems to us, was to fix the maximum charge for water at twenty-five cents per thousand gallons. If the consumer thinks proper he may decline to go to the expense of a meter, and accept the water to be furnished at the "*approximated*" or estimated schedule price. If, however, the water company's patron deems it best, or to his interest, he is left the choice of placing a meter at his own expense, and then the charge against him is no longer a mere guess or estimate, but he will pay for the water actually used—no more, no less.

The relator Lanyon saw proper to adopt the latter course, and to have the water consumed on his premises measured. He consulted with the officers of the defendant company as to the best character of meter, and placed it properly to receive the water that might be used. He was then, on payment or tender of the necessary charges, clearly entitled as a citizen of Joplin to have the water turned into his residence.

We hold too—against the contention of defendant—*mandamus* to be the proper remedy in a case like this. The water company in the enjoyment of its franchise to lay pipes in the streets of Joplin has a monopoly to supply water for the inhabitants. It is there, to a certain extent, exercising the right of eminent domain. Its duties are of a public nature. It is bound by the terms of its grant to supply water from its mains to all citizens who may put themselves in a condition to demand and receive it. Should it fail or refuse to do so without just cause, then *mandamus* will lie to compel performance of this duty. 2 Beach on Private Corporations, secs. 834–6; 2 Morawetz on Private

Corporations, sec. 1132; *C. & N. W. Ry. Co. v. Hempstead*, 56 Ill. 365; *Webster Telephone Case*, 17 Neb. 126–136–7. We have here the *presence* of a specific legal right and the *absence* of an effectual legal remedy, which clearly warrants a resort to *mandamus*.

We observe the point made by defendant's counsel that the peremptory writ does not follow and conform to the alternative writ of *mandamus*. The learned counsel contends for the correct doctrine in the abstract, as announced in this state (*State ex rel. Millett v. Field*, 37 Mo. App. 83–100); and that is, that the peremptory writ can go no further nor vary in any substantial particular from the commands of the alternative writ. But we fail to discover here any material departure. The relator had become entitled, by reason of his providing a meter and the prepayment or tender of the necessary charges, to have the water turned into his premises. The alternative and peremptory writ substantially commanded this and nothing more.

The judgment is for the right party, and will be affirmed. All concur.