State ex rel. v. Norvell.

The State of Missouri ex rel. Minnie E. Boulton, Respondent, v. G. L. Norvell et al., Appellants.

Kansas City Court of Appeals, April 24, 1899.

1. **Appellate Practice**: MOTION IN ARREST: MANDAMUS. *Quaere:* Whether the action of the trial court can be reviewed in sustaining a motion to quash the return in a mandamus proceeding and grant a peremptory writ without a motion in arrest of judgment.

2. **Municipal Corporations**: MANDAMUS TO PAY JUDGMENT: STATUTE. To secure mandamus against a city council to make a levy to pay a judgment, it is only necessary under section 4977, Revised Statutes 1889, to exhibit the judgment and execution with the return of no property and require the court's action; but the fact that the petition is presented does no harm.

3. ———: ———: ———: PRIORITY. Under said section the only indebtedness intended to be preferred before judgments against a municipality is that arising out of salaries to city officers and funds to pay a reasonable police force, and indebtedness arising from contracts for light and water for the city has no priority over a judgment debt.

4. **Mandamus**: PEREMPTORY FOLLOWING ALTERNATIVE WRIT: TIME OF LEVYING TAX: POWER OF CITY COUNCIL. An alternative writ ordered the immediate levy of a tax or to show cause. The peremptory writ ordered the levy at the beginning of the ensuing fiscal year. Held, no substantial variance and the city council having supervision of the levying and collection of taxes is the proper body to which the writ should be addressed.

*Appeal from the Boone Circuit Court.*—HON. J. A. HOCKADAY, Judge.

AFFIRMED.

TURNER & HINTON and WEBSTER GORDON for appellants.

(1) The returns showed that the appellants could not comply with the command of the alternative writ to

immediately levy, assess and collect a tax, because they had already exhausted their powers in that respect. At the time of the issuance of the alternative writ, therefore, the relator had no right to have a tax levied, and hence it was error to award the peremptory writ. School District v. Lauderbaugh, 80 Mo. 190-194; State ex rel. v. Davis, 54 Mo. App. 447-451; High on Extraordinary Remedies [2 Ed.], sec. 144, p. 135. (2) Since the alternative writ specifically commanded the immediate levy of the tax, to which the relator was not entitled, it was error to award a peremptory writ directing a future levy for the year 1899, and from year to year thereafter *ad infinitum*. The peremptory writ must strictly conform to the alternative writ and can not go beyond it. State ex rel. v. Baggott, 96 Mo. 63, 71; School Dist. v. Lauderbaugh, 80 Mo. 190; State ex rel. v. Railway, 77 Mo. 143; State ex rel. v. Davis, 54 Mo. App. 447; State ex rel. v. Field, 37 Mo. App. 83; State ex rel. v. Finley, 74 Mo. App. 215-217. The peremptory writ was erroneous in directing the appellants to pay over all of the city taxes for the year upon the relator's judgment, except the amount necessary to pay the salaries of city officers including the police force. The point we make, and which seems never to have been directly passed on, is this, that section 4977 in the execution act simply undertakes to provide what municipal expenses shall be paid, but does not attempt to give an execution creditor priority over other creditors. Water Works Co. v. Carterville, 142 Mo. 102.

NORTH T. GENTRY, WELLINGTON GORDON and I. W. BOULWARE for respondent.

(1) The record shows that the alternative writ was made peremptory on the nineteenth day of November, 1898; and that the appellants thereupon filed their motion for a new trial, which was overruled; but no motion in arrest of judgment was ever filed. Nothing can be brought to the attention of the appellate court unless it was presented to and passed

upon by the trial court in the motion for a new trial, if the errors have relation to proceedings during the trial; or in the motion in arrest of judgment, if the errors go to the pleadings. Warner v. Morin, 13 Mo. 455; Erdbruegger v. Meier, 14 Mo. App. 258; Dobyns v. Rice, 22 Mo. App. 457; Elliott on App. Prac., secs. 352, 830 and 846; Hubbard v. Quisenberry, 32 Mo. App. 467; White v. Caldwell, 17 Mo. App. 691; Finney v. State, 9 Mo. 636; Mahan v. School Dist., 29 Mo. App. 269; Thompson on Trials, sec. 2710; Kurz v. Turley, 54 Mo. App. 237; Newton v. Miller, 49 Mo. 298; Griggs v. Deal, 30 Mo. App. 158; Club v. Finlay, 53 Mo. App. 256; 2 Am. and Eng. Ency. of Law, p. 816; 2 Ency. of Pld. & Prac., p. 794; Griffin v. Samuel, 6 Mo. 51; Bell v. County Court, 61 Mo. App. 173; State ex rel. v. Everett, 52 Mo. 89; Wood on Mandamus, 43; High on Ex. Leg. Rem., sec. 457; Hambleton v. Dexter, 89 Mo. 188; State ex rel. v. Smith, 104 Mo. 661; State ex rel. v. Neville, 110 Mo. 348; R. S. Mo. 1889, sec. 4977; State ex rel. v. Slavens, 75 Mo. 508; Cloud v. Pierce City, 86 Mo. 370.    (2)  It is not necessary that the peremptory writ should follow the alternative writ; if in substance the two are the same, this will be sufficient.    Taylor v. Moss, 35 Mo. App. 470; State ex rel. v. Joplin, 52 Mo. App. 312; R. S. 1889, sec. 4977; State ex rel. v. Baggott, 96 Mo. 71; R. S. 1889, sec. 2116; R. S. 1879, sec. 3585.    (3)  The return of the city officers to the alternative writ was not sufficient.    State ex rel. v. Beyers, 41 Mo. App. 503.    The money due for water and light from year to year is not mentioned in the statute as part of the expenses of the city that must be exempt like the pay for police and officers.    Water & Electric Light Co. v. Lamar, 128 Mo. 188; Waterworks Co. v. Carterville, 142 Mo. 116.

GILL, J.—This is a proceeding in mandamus, whereby the plaintiff, or relator, seeks to compel the defendants, municipal officers of Columbia, to levy and collect a tax to pay a

State ex rel. v. Norvell.

judgment which the plaintiff recovered against said city.   The alternative writ, after reciting the recovery of the judgment, demand for its payment, issue of execution STATEMENT. with return of *nulla bona,* that it was the duty of defendants as mayor and councilmen of said city to provide for its payment, which they had failed and refused to do, and that there was no money in the city treasury to pay the same, etc., then commands said officers to proceed and levy, assess and collect the annual taxes in said city, within the constitutional limits, and when said taxes should be collected by the proper officers to pay out of the same plaintiff's judgment, interest and costs after reserving the amount necessary to pay the reasonable salaries allowed by law to the officers and police force of said city, *or* show cause at a future sitting of the court why they should not do so.

To this alternative writ, defendants made return or answer, admitting their official relations to the city of Columbia, that plaintiff had an unsatisfied judgment of $1,695, besides interest and costs, against said city, that on said judgment execution had been issued and returned no property found, and then, for further answer or return, allege, that before the issuance of this writ, to wit, in June, 1898, the said mayor and city council had by ordinance levied to the full constitutional limit all the taxes they were authorized to for the fiscal year 1898, but that no part thereof could be used to pay plaintiff's judgment, as the whole thereof was needed (1) to pay the reasonable salaries of the several city officers and police force as provided by law, (2) to pay the annual rentals due the Water & Light Company for supplying the city with water and lighting the streets in accordance with a contract existing between said water company and the city, (3) for payment of certain floating indebtedness of the city then due or falling due during the year, and (4) for the payment of the interest due or coming due on the city's bonded indebtedness.

Thereupon the plaintiff (relator) filed her motion, taking exception to the sufficiency of the answer or return, claiming that it failed to state facts sufficient to constitute a valid and legal excuse for the nonperformance of the commands of the alternative writ, and she prayed the court to award a peremptory writ. This motion was sustained at the November term, 1898, and a final judgment or peremptory order was made in practical conformity with the alternative writ first issued. From this judgment defendants appealed.

I. Relator's counsel make the point that since defendants have brought the case here solely to test the character and sufficiency of the return and peremptory writ (analagous to the answer and final judgment in an ordinary case), and that said defendants failed to invoke the corrective power of the lower court by motion in arrest, there is nothing here for this court to review. Owing to some doubt as to APPELLATE practice: motion in arrest: mandamus. the proper ruling on this mere technical question, we have concluded to pass it by and deal directly with what appears to be the merits of the case, since, at all events, we believe the relator clearly entitled to the relief obtained.

II. The following statute becomes pertinent to this controversy: "Section 4977. Whenever an execution, issued out of any court of record in this state, against MUNICIPAL corporations: mandamus to pay judgment: statute. any incorporated town or city, shall be returned unsatisfied in whole or in part, for want of property whereon to levy, such court at the return term or any subsequent term thereof, shall, by writ of mandamus, order and compel the chief officer, trustees, council and all other proper officers of such city or town, to levy, assess and collect the annual taxes in such town or city from year to year as occasion may require, within the constitutional limits, and order the same, when collected by the proper officer or officers, to be paid to the execution creditor, his agent or assigns, except such amount as may be necessary

to pay the reasonable salary allowed by law to the mayor, council, assessor, marshal, constable, attorney and a reasonable police force of any such town or city."

This section was intended clearly to provide for just such a case as we have here.    It was meant as a summary proceeding against the city officials.    No formal petition for mandamus is necessary; it is sufficient merely to exhibit the judgment and execution with return of no property found and request the court's action.  State ex rel. v. Slavens, 75 Mo. 508. That a petition is presented however can do no harm, or effect the application of the statute to the given case.

From the return it will be seen, that the city officers of Columbia, in order to defeat this proceeding, rely on the following set out substantially in said answer or return: that in the power of taxation they are restricted to fifty cents on the $100 assessed valuation and that this would raise no more revenue than was necessary to pay (1) the salaries of city officers including a reasonable police force, (2) the $6,850 which the city contracted to pay annually for water and light; (3) the several floating debts of the city, and (4) interest on the bonded debt of the city.    Therefore the contention is that these matters are entitled to priority over the relator's judgment and that she has no relief.

_____: _____: _____:  
priority.

The statute before quoted is a complete and satisfactory answer to defendants' contention.    Manifestly the only city indebtedness intended to be preferred was that due the city officers on account of salary and that necessary to employ and pay a reasonable police force.    That statute authorizes mandamus to go for the levy and collection of annual revenues within the constitutional limit (in this case fifty cents on the $100 valuation), and out of this first to pay salaries of city officers including police, and the remainder then to be applied to the satisfaction of the judgment debt which is the basis of the mandamus proceeding.    There is nothing in the statute,

or any other law, justifying the claim that water rents, float-ing indebtedness, interest on city bonds or other contract claims against the city are to be given precedence over a judg-ment against the same municipality. The trial judge therefore was correct in holding the aforesaid indebtedness had no such priority as claimed in the return and that said pleading con-tained no legal excuse for failing to levy, collect and pay as re-quired by the alternative writ.

III.    The objections made to the peremptory writ be-cause not following the alternative are without any substantial merit.    It is true that the alternative writ, issued when the suit was begun, commanded immediate action by the city officers or to show cause, and that when the case was heard, months after, the court or-dered a levy and collection at the beginning of the ensuing fiscal year.    This was all the court could do under the circumstances and the order was in practical harmony with the first writ.    It is also true that these defendants (the mayor and councilmen) do not *per-sonally* perform the acts of *assessing* and *collecting* the city's revenues, and yet as officers of a city of the third class, they "have the care, management and control of the city and its finances" (section 1494, Revised Statutes 1889), have also the power by ordinance to provide for the levy and collection of taxes for general revenue purposes (section 1495), have power to levy and direct the collection of taxes on merchants (section 1507), and the mayor is intrusted with the power and author-ity to draw warrants on the city treasury for the payment of all obligations (sections 1476, 1485).    These defendants are the principal or chief governing officers of the city, and while not in person performing some of the duties pertaining to the assessment, levy and collection of taxes, they yet supervise and direct the municipal machinery.

In short then we do not interpret or deem the peremptory writ as varying in any substantial particular from the alterna-

MANDAMUS: per-emptory follow-ing alternative writ: time of levy-ing tax: power of city council.

tive writ.    The difference between  the two  is  merely  verbal
and not material, and therefore may be disregarded.    State ex
rel. v. Joplin Water Works, 52 Mo. App. 312.

The judgment of the circuit court will be affirmed.    All
concur.