STATE *ex rel.* CASSIDY V. SLAVENS *et al., Appellants.*

1.  **Mandamus** : CITIES: SPECIAL TAX : EXECUTIONS. Under the statute authorizing the courts whenever an execution against a city has been returned unsatisfied for want of property whereon to levy, to issue a writ of *mandamus* to the proper officers of the city to levy, assess and collect a special tax to pay the execution, it is not necessary in an application for the writ to allege a demand upon the officers and their refusal to levy the tax. No formal petition is necessary. It is sufficient to exhibit to the court the execution and the return of *nulla bona* thereon, and then ask for the alternative writ. Wag. Stat., 617, § 77.

2.  ——— : CHANGE OF VENUE: COSTS.. Upon such an application motions for change of venue and security for costs will not be allowed.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

AFFIRMED.

The petition filed in the trial court alleged the recovery in that court of a certain judgment by the relator against the City of Kansas, the issuance of an execution and the return by the sheriff of *nulla bona* thereon; that the defendants were the mayor and common council of that city, empowered by its charter to provide by ordinance for the levying and collection of all taxes for city purposes; and prayed that defendants might be commanded to levy a special tax to pay the execution. The court thereupon ordered an alternative writ of mandamus to be issued, which was returned " Served by delivering a copy thereof to each of the defendants." Defendants moved the court to quash the writ upon the ground, among others, that no demand to levy any tax had ever been made or refused, and that the petition did not state facts sufficient in law to authorize the court to grant the writ. This motion was overruled. The clerk then filed a motion for security for costs upon the ground that the relator was a non-resident of the State; and, upon that ground also and because relator

had not filed the written undertaking of any resident of the State for the payment of costs as provided by the statute, defendants filed a motion to dismiss. These motions were, upon relator's motion, stricken from the files. Defendants then filed an application for a change of venue upon the ground of prejudice on the part of the judge, which was overruled. Defendants then filed their return to the alternative writ, and relator's motion to quash the same was sustained. A motion for a new trial having been overruled, defendants bring the case to this court by appeal.

*S. P. Twiss* for appellants.

*M. Campbell* for respondent.

SHERWOOD, C. J.—Section 77, 1 Wagner's Statutes, 617, controls this case. That section provides that whenever an execution issued out of any court of record in this State against any incorporated town or city shall be returned unsatisfied, etc., such court may by writ of mandamus compel the proper officers to levy a special tax to pay such execution and all costs. In our opinion when the remedy provided for by this section is invoked, no formal petition or application for the issuance of an alternative writ is necessary. It would seem to be sufficient to show the execution and the return thereon, and then call for the alternative writ of mandamus. The statute evidently contemplates a summary proceeding in aid of the unsatisfied execution. And there is some significance in the fact that section 77, *supra*, is found under the title of "Execution" as if to show that the mandatory process is more in the nature of an ordinary execution than the usual process designated by the name of mandamus. If no formal pleading were necessary in instances like the present as preliminary to the issuance of the alternative writ, then certainly no demand was necessary to the maintenance and proper prosecution of the present pro-

1. MANDAMUS: cities: special tax: execution.

ceedings. It is not necessary to rely upon common law authorities in reference to this matter of demand, because the statute is sufficient in and of itself and does not require any adventitious aids.

And we do not regard this as a fit occasion for an application for a change of venue, no more than we would were an application made in term time for the issuance of an execution. All matters in controversy between the parties hereto had been settled by the judgment recovered. And the motion for costs made by the clerk was properly denied. Section 1, page 687, General Statutes 1865, does not apply to a case of this kind. Here the action of the relator had ceased and had become merged in the judgment recovered for her use. The time for such motions had consequently gone by. For these reasons we affirm the judgment. All concur.

*2. ———: change of venue: costs.*