HAMBLETON, *Administrator*, v. THE TOWN OF DEXTER, *Appellant.*

1.   **Mandamus**: ALTERNATIVE WRIT.   The alternative writ is the first pleading in a mandamus proceeding, and stands in the place of the declaration in an ordinary common law action.

2.   ——— : ——— : EXECUTION AGAINST A TOWN.   While the alternative writ, in a proceeding under Revised Statutes, section 2415, to compel an incorporated town to levy a tax to satisfy an execution against it, should show that the relator has no other remedy, it is not necessary that it be alleged that an execution had been issued and proved unavailing.

3.   ——— : ——— : ———.   It would be sufficient for the alternative writ to state that the town has no property whereon to levy an execution, and has no money in its treasury subject to the payment of the judgment,

4.   ——— : ——— : ———.   The allegation that the treasurer had refused to pay the judgment, is insufficient.

5.   ——— : ——— : ———.   It should also appear by the pleadings that the town is incorporated, and that the town officers, against whom the proceeding is invoked, have the power to levy the tax to satisfy the execution.

6.   ——— : ———.   The alternative writ must state facts in an issuable form which show that the relator is entitled to the relief sought at the hands of the respondents.

7.   **Towns, Disincorporation of**: STATUTE.   Towns incorporated under 2 Wagner's Statutes, pages 1319 and 1320, can be disincorporated only in the manner authorized by said statutes.

*Appeal from Stoddard Circuit Court.*—HON. R. P. OWEN, Judge.

REVERSED.

*Smith & Krauthoff* and *S. G. Kitchen* for appellant.

(1)   The matters necessary to constitute the relator's

right and the defendant's duty and obligation, must be distinctly charged, since the courts will not infer fault or dereliction on the part of the said defendant. An alternative writ which fails to state these facts, is fatally defective. High. Ext. Leg. Rem., secs. 10, 536, 537, 538; *State ex rel. v. Governor*, 39 Mo. 388, 400; *State v. Everett*, 52 Mo. 89, 94; *Hawkins v. More*, 3 Ark. 345, 350; *Rex v. Oxford*, 7 East, 345; *McKenzie v. Ruth*, 22 Ohio St. 371; *Trustees v. People*, 12 Ill. 254. (2) There is no allegation in said alternative writ that the town of Dexter is a corporation, nor is it stated under what law it exists; nor that the defendants are the officers who have the power to levy taxes. Judicial notice of these matters cannot be taken. *City v. Ry.*, 79 Mo. 98. (3) Nor is the manner of levying the tax stated, or the property to be charged with it. The writ is defective in these particulars. *Hartshorn v. Assessors*, 60 Me. 276; *State v. Milwaukee*, 22 Wis. 397; *People v. Brooks*, 57 Ill. 142; *State v. Co. Judge*, 12 Ia. 237. (4) The finding ought to have been for the defendant on the evidence. The first town and against which the judgment was obtained was incorporated in 1874, the present one was incorporated in 1877. The incorporation of the latter had the effect of disincorporating the previous town, as there cannot be two municipal corporations in the same territory, exercising the same or similar powers, jurisdiction and privileges. *City, etc., v. Society*, 4 Zab. 385; *Rex v. Pasmore*, 3 Term. 190, 243; *Taylor v. Fort Wayne*, 47 Ind. 274. (5) The writ of mandamus cannot have the effect of bringing into being a new judgment against a party not a party to a previous one. It can only be used to require the defendant in the judgment to take the requisite steps to levy a tax to pay it. In no sense is this writ a creative remedy. High Ext. Lex. Rem., sec. 7; *People v. Gilmer*, 5 Gilm. 242, 248; *People v. Hatch*, 33 Ill. 148; *People v. Chicago*, 51 Ill. 17–28.

*H. H. Bedford* for respondent.

BLACK, J.—This is an appeal from the judgment of the circuit court awarding a peremptory writ of mandamus directing the respondents below, as trustees of the town of Dexter, to levy and collect a tax to pay a judgment. The relator, Hambleton, is the administrator of the estate of Benj. R. Temples. Temples, on the thirteenth of March, 1876, recovered a judgment against the town of Dexter; the judgment remains wholly unpaid.

By section 2415, Revised Statutes, the relator could have sued out an execution, and when returned unsatisfied, applied for and had a writ of mandamus directing the proper officers of the town, if incorporated, to assess and collect a special tax to pay the execution. This section we have held affords a summary remedy in such cases. *State ex rel. v. Slavens,* 75 Mo. 508. Instead of pursuing this course the relator presented a formal petition for writs of mandamus. The respondents moved to quash the alternative writ on the ground that it did not show that an execution had been issued upon the judgment, and for the further reason that the writ did not show that the defendants had any authority to provide for the payment of the judgment by taxation. Error is assigned to the action of the court in overruling this motion. The alternative writ is the first pleading, and stands as the declaration in a common law action. To this writ, and not the petition for the writ, the respondents are called upon to plead. While it should appear that the relator has no other adequate remedy, it is not necessary to allege that an execution has been issued and proved unavailing. It is enough to state that the town has no property whereon to levy an execution, and has no money in its treasury subject to the payment of the judgment. High on Ex. Leg. Rem., sec.

377. The petition for the writ contains in substance these allegations, but for some reason they are omitted in the alternative writ, and hence can be of no benefit to relator on the motion to quash. The allegation that the treasurer had refused to pay the judgment can hardly be regarded as sufficient, for although he refused to pay the judgment, still, if there was money in the treasury, the appropriate prayer of the writ would be for a warrant thereon.

But a more fatal objection to the writ is, that while it describes the respondents as trustees of the town of Dexter, it does not appear by any of the pleadings that the town is incorporated, nor are any facts stated from which we can see that these trustees have any power to levy taxes. The writ must state facts in an issuable form, which show that the relator is entitled to the relief which he asks. *State ex rel. v. Governor*, 39 Mo. 388; *State ex rel. v. Everett*, 52 Mo. 89. And that he is entitled to the relief at the hands of the respondents. High on Ex. Leg. Rem., sec. 536. The writ must, therefore, show that the respondents have the power to levy a tax to pay the judgment. When it is alleged that the town of Dexter was incorporated under the general law relating to the incorporation of towns, and that the respondents are its trustees, then the courts will take judicial notice of the duties and powers of the trustees, for they are prescribed by general law. But the statute requires that certain proceedings shall be had in the county court to incorporate towns. The courts cannot take notice that these proceedings have been had, and the fact of incorporation must be averred and proved as any other fact. *City of Hopkins v. Railroad Co.*, 79 Mo. 98. There is, therefore, nothing in the writ to show that the respondents have the power to do the thing demanded of them. As this case must be reversed and remanded for the reasons before noted, it may not be amiss to say that the

order of the county court of January 4, 1877, did not disincorporate what is called the old town of Dexter. These towns, when they are once incorporated, can only become disincorporated by resorting to the proceeding pointed out by the statute. 2 W. S., 1319 and 1320. There is no pretense in the evidence that any notice was even given as required by law ; nor does the order of the county court attempt or undertake to dissolve the corporation previously made. Nor does the law authorize the incorporation of a new town out of a part of the inhabitants and territory already incorporated. This last order of the county court cannot in the least prejudice the rights of the relator to have his judgment paid by taxation or otherwise.

The judgment is reversed and cause remanded. All concur.