CITY OF SPRINGFIELD, Appellant, v. W. P. WHITLOCK, Respondent.

**St. Louis Court of Appeals, March 5, 1889**

1. **City Charter:** CONDEMNATION PROCEEDINGS. Where a city has been incorporated by an act of the general assembly which is duly declared to be a public act, and nothing appears in the record to show that the city has at any time availed itself of the general laws regulating municipal corporations and their classifications, so as to change the conditions of its organization, it must be taken that the city is still acting under its special charter; and all proceedings in condemnation of private property for public purposes must be conformed to the provisions of that charter, and not to those of the general law governing cities of the third class. In such case, an appeal taken to the circuit court in accordance with the terms of the special charter is in proper form, and a motion to dismiss the same was properly overruled.

2. **City of Springfield**: CONDEMNATION PROCEEDINGS. Under the charter of the city of Springfield, there can be no assessment of damages in a condemnation proceeding, unless the defendant and the city council have failed to agree as to the damages. It is required that the assessment of damages shall be by a jury of six disinterested freeholders. Where no effort was made to effect an agreement, and the damages were assessed by only five jurors, a motion to vacate the proceedings was properly sustained.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*E. A. Barbour*, for the appellant.

No appeal from the action of the city council was taken by defendant so as to give the circuit court jurisdiction. The appeal must be taken from the city council in the same manner as from justices of the peace. R. S., sec. 4880. There was no evidence whatever that an affidavit for appeal ever was filed. There was one sworn to, but nothing to show that it was filed with the council, or even with the clerk. It is admitted that no bond was filed. Unless the appeal was properly taken and taken in time, the circuit court acquired no jurisdiction. *James v. Robinson*, 1 Mo. 595; *Rutherford v. Wim*, 3 Mo. 14; *Cason v. Tate*, 8 Mo. 45; *Sav. Ass'n v. Keiser*, 8 Mo. App. 232. In such cases parties cannot confer jurisdiction on circuit court by consent. *Moore v. Winkler*, 3 Mo. App. 596; *Bauer v. Cabanne*, 11 Mo. App. 114; *Bemicker v. Miller*, 37 Mo. 498; *Robinson v. Walker*, 45 Mo. 117; *Pearson v. Carson*, 69 Mo. 569. The mode of appeal from a justice is by filing an affidavit and bond in ten days after judgment. R. S., sec. 3041. The condemnation proceedings were regular and should not have been quashed. The oath

and report show the jurors were disinterested free-holders. The law for condemning ground for street purposes for cities of the third class, unlike the statute in regard to condemning for railroad purposes, does not require a previous attempt to agree with the property-owner.

*C. B. McAfee*, for the respondent.

The city of Springfield is a city acting and existing under a special charter. (See Acts of 1874, page 398, and this is a public act, see section 92 thereof), and in this suit Springfield must be so regarded in the absence of anything in the record showing that it has elected to become a city of the third class. Under act of 1874, above cited, it is provided that no bond for appeal shall be required. Sec. 80. This act does not at all provide how nor in what way an appeal is to be taken. It does not require an affidavit, But when a transcript of the proceedings of the circuit court shall be filed, the court becomes possessed of the cause. Sec. 80. The proceedings by which a citizen's property is taken for public use are *in invitum*, and must be strictly complied with. *Shaffner v. City St. Louis*, 31 Mo. 264; *Leslie v. City St. Louis*, 47 Mo. 474; Dillon on Mun. Corp., secs. 469, 470, 472. There is nothing in this transcript showing that any of the jurors are disinterested free-holders, as required under section 4870, General Statutes, Acts 1885, or as required by section 80, Acts 1874, p. 406, the city's special charter. The special charter requires the mayor to appoint this jury, but requires them to be disinterested freeholders, and requires him to appoint six, but he only appointed five. Acts 1874, p. 406, sec. 80. Appellant in his brief says that an effort to agree with the owner as to damages is not necessary. See section 80 of city charter, Acts 1874, before cited. This attempt to

agree with the owner is specifically required, and the proceedings must show it or they are void. This has been so often decided that it is no longer debatable.

BIGGS, J., delivered the opinion of the court.

This is a proceeding to condemn defendant's property, for the purpose of widening Center street in the city of Springfield.

The city council proceeded under the provisions of the statute regulating cities of the third class. The jury summoned by the mayor and city council assessed defendant's damages for the taking of his property at the sum of ten dollars, from which defendant appealed to the circuit court of Greene county. A transcript of the proceedings of the city council, touching the condemnation of the defendant's land, was, on the fifteenth day of November, 1887, filed by the city clerk of said city, in the office of the clerk of the circuit court. At the November term, 1887, the plaintiff filed its motion to dismiss the appeal for the reason that the record proceedings by the city council failed to show that an affidavit and appeal bond were filed and that the record failed to show that an appeal was *allowed*. On the hearing of this motion there was some testimony taken by the court. Defendant's attorney testified that within ten days after the decision of the jury, he prepared an application and affidavit for an appeal, gave them to his client and instructed him to deliver them to the city clerk. The clerk of the city council testified that defendant presented to him the application for an appeal and made the necessary affidavit before him, but whether this was done within ten days after the decision of the jury he could not say. That he told defendant that as he had filed no appeal bond, his affidavit for an appeal would amount to nothing. That at the request of the defendant he made out his transcript and filed it with the clerk of the circuit court. An application for an appeal signed by defendant and

sworn to before the city clerk, and marked filed by the circuit clerk, was also read in evidence. Whether this was an original paper in the case, and transmitted to the clerk of the circuit court with the transcript, does not distinctly appear, but as it corresponds with the affidavit made by defendant before the city clerk, and of which he testifies, it is fair to presume that it is the same paper. The court overruled plaintiff's motion to dismiss the appeal, and this action of the court is assigned for error.

Thereupon defendant filed a motion to dismiss the condemnation proceedings, alleging many irregularities apparent on the face of the transcript. The court sustained this motion and entered a final judgment against plaintiff. Plaintiff also assigns this for error, and brings the case here by appeal.

Before we attempt to pass on either one of the two questions presented by this record, there is a question at the threshold of the case that must be settled first. It is insisted by counsel for defendant that on this record, the city of Springfield must be held to be organized and incorporated under a special act of the Missouri legislature passed in 1874. (Sess. Acts, 1874, p. 398.) By this act the plaintiff was incorporated, and by section 92 of the act, it is declared to be a public act.

The counsel for plaintiff, in his brief, proceeds on the assumption that plaintiff is a city acting under and subject to the general laws of the state, governing cities of the third class; and the proceedings of the city council, in condemning defendant's land for public use, evidently were conducted in conformity to the same law. But there is nothing in the record advising this court that plaintiff had availed itself of the provisions of said statute, and had by proper proceedings become incorporated under and subject to the provisions of said law. This court cannot take judicial notice of any action on the part of the citizens or officers of said city,

whereby plaintiff became, under the general law of the state, a city of the third class. *Inhabitants of Butler v. Robinson*, 75 Mo. 193. In the absence of any testimony on the subject, it will be presumed by this court that the city of Springfield is acting under, and is governed by, the special charter above referred to. In this act it is specially provided that it shall be a public act and under the decision of the supreme court in case of *Inhabitants of Butler v. Robinson, supra*, the courts of the state *must* take *judicial notice* of the law. If plaintiff was in point of fact incorporated as a city of the third class, the fact was susceptible of easy proof, and this devolved on plaintiff. Having failed to do so, we will be compelled, in disposing of the assignment of error, to treat plaintiff as a corporation acting under, and subject to, the special charter of said city, passed by the legislature in 1874.

Section 80 of this special charter provides the mode and manner of taking private property for public use ; for the assessment of damages by a jury of six disinterested freeholders, if the city council and the property-owner cannot agree ; and that the owner of the property may, within ten days after the approval of the decision of the jury in the assessment of damages, take an appeal to the circuit court. The law does not require an affidavit to be filed, nor does it require that a *record entry* of the granting of the appeal be made by the city clerk or city council. The law specially exempts the property-owner from giving an appeal bond ; but the law makes it the duty of the mayor, when an appeal is taken, to cause to be filed in the office of the circuit clerk, a transcript of the proceedings, and such court shall proceed to determine the cause *de novo*. The transcript in the case does not show that an appeal was taken by the defendant. The record is silent on the subject. The fair presumption from the testimony is that an affidavit for an appeal was delivered to the city

clerk, and that thereupon at the request of the defendant, he made out and filed the transcript with the circuit clerk. Whether this application for an appeal was made within ten days after the approval of the decision of the jury by the city council, is left in doubt, but, if it was made in time, we think that the law had been substantially complied with, and that the cause was properly in the circuit court.

As section 80 of the charter does not require any record to be made by the city council of the granting of an appeal, and does not require an affidavit for an appeal to be made and filed, the question as to whether the application for an appeal was made within ten days after the approval of the decision of the jury, fixing defendant's damages, rests *in pais*. It was within the power of the circuit court, in the first instance, to determine its own jurisdiction, where the question rests upon facts outside of the record. *State ex r el. v. Seay*, 23 Mo. App. 630; *Werz v. Werz*, 11 Mo. App. 26; *Hansford v. Hansford, ante*, p. 262, decided at the last term. The court heard testimony as to the time of making the application for an appeal, and by its judgment on plaintiff's motion to dismiss the appeal, the court determined that defendant's application for an appeal *was taken in time*. There was testimony to support this finding. Defendant's attorney said that he prepared the application for an appeal within ten days after the verdict of the jury assessing the damages, and that he instructed defendant to give it to the city clerk. The latter said that defendant gave him the application, but whether it was within ten days after the verdict of the jury, he did not remember. It must have been within the time, because the clerk further testified that he told him that his application would amount to nothing as he had failed to file a bond. If the time had expired the clerk would certainly have urged this as a reason why the appeal could not be taken.

City of Springfield v. Whitlock.

The proceedings of the city council, by means of which plaintiff sought to condemn and take defendant's property for public use, do not meet the requirements of the charter. In the first place, the assessment of damages by a jury cannot be had unless the defendant and city council have failed to agree as to the damages. In this case there was no effort made to agree. The law provided that a jury of *six* disinterested freeholders should be summoned to determine the question of damages. The record in this case shows that only *five* jurors passed on defendant's claim for damages; and the record fails to show that they were *disinterested*.

In fact this law was not complied with in any respect, as the condemnation proceedings were evidently conducted under a different statute. We apprehend that the validity of the proceedings cannot be, and is not, a matter of serious contention by plaintiff's counsel, if tested by the requirements of section 80 of the special charter. Such a proceeding is a derogation of the private rights of the property-owner, and the law permitting or authorizing it must be strictly pursued. *State v. St. Louis*, 1 Mo. App. 503.

We think the court did right in overruling plaintiff's motion to dismiss the appeal, and that defendant's motion to vacate the condemnation proceedings was properly sustained. The judgment of the circuit court will, with the concurrence of the other judges, be affirmed.