EMMA HUBBEL, et vir to the use, etc., Respondent, v.
THE CITY OF MARYVILLE et al., Appellants.

Kansas City Court of Appeals, June 18, 1900.

1. **Municipal Corporations: PLEADINGS: JUDICIAL NOTICE.**
Courts will take judicial notice of the powers and duties of cities of
the third class and so they need not be pleaded in an alternative
writ issued under the statute on a *nulla bona* return to an execu-
tion.

2. **————: ————: MONEY IN TREASURY: ALTERNATIVE WRIT.**
An alternative writ issued under the statute upon a *nulla bona* re-
turn to an execution need not allege that there is no money in the
treasury applicable to the judgment.

3. **————: ALTERNATIVE WRIT: EXECUTION: NULLA BONA
RETURN.** The mandamus proceeding authorized by the statute on
a *nulla bona* return to an execution is altogether informal and the
only conditions to the creditor's writ is the issue of the execution
and a *nulla bona* return.

Appeal from the Nodaway Circuit Court.—*Hon. Gallatin
Craig*, Judge.

AFFIRMED.

*Ira K. Alderman* for appellants.

(1) The motion to quash alternative writ is the proper
pleading to material defects in form or matter. It is ad-
mitted that the alternative writ is the first pleading and that
it is "sufficient to show the execution, the return thereon and
then call for the alternative writ of *mandamus*. The statute
evidently contemplates a summary proceeding in aid of the
unsatisfied execution." State ex rel. v. Slavens, 75 Mo. 508;
State ex rel. Boulton v. Norvell, 80 Mo. App. 180. (2) But
this remedy does not do away with requirement that "the

alternative writ should include everything necessary to show jurisdiction over the subject of the writ, and to warrant its mandate, and these facts should be stated with precision and issuably." High on Ex. Leg. Rem., secs. 537, 538; Chance v. Temple, 1 Iowa 179; Moses on Mandamus, 202, 203 and 206; Johnes v. Auditor of State, 4 O. St. Rep. 493; Hambleton v. Town of Dexter, 89 Mo. 188; Bank v. Canal Com., 10 Wend. 25; State ex rel. v. State Board, 103 Mo. 22; State ex rel. v. Beyers, 41 Mo. App. 503. (3) The alternative writ nowhere alleges, or discloses by recital of facts, that the city of Maryville is an incorporated town or city. Unless such is the fact, *mandamus* will not lie under the statute invoked. (Sec. 4977, R. S. 1889). State ex rel. v. Governor, 39 Mo. 389, loc. cit. 400; State ex rel. v. Everett, 52 Mo. 89, loc. cit. 93, 94; High on Ex. Leg. Rem., sec. 536; Moses on Mandamus, 202, 203; 2 Dillon on Mun. Corp. (2 Ed.), sec. 665; City of Hopkins v. Railroad, 79 Mo. 98; Hambleton v. Town of Dexter, 89 Mo. 188, loc. cit. 191; State ex rel. v. Board of Health, 103 Mo. 22. See authorities cited under first omission. Moses on Mandamus, 205, 208; 34 Pa. St. Rep. 494; 20 Ill. Rep. 525. (4) The writ fails to allege that the appellant has no property whereon to levy an execution, nor money in its treasury subject to the payment of the alleged judgment. These are allegations peremptorily required. Hambleton v. Town of Dexter, *supra*; High on Ex. Leg. Rem., sec. 377; Moses on Mandamus, 205, 208; Ridding v. Bell, 4 Cal. R. 333; State v. Slavin, 11 Wis. 153; High Ex. Leg. Rem., 530.

*W. C. Ellison* for respondent.

I would submit this cause to the court without a word if it were not for the fact that complete silence on the part of respondent might be construed as an acquiescence in the

views presented by counsel for appellant. It seems to me there is no merit whatever in the points raised by appellant. The court need only refer to the order of the circuit court, to the alternative writ, and to the order making it peremptory on the refusal of the appellant to plead or answer further after his demurrer to the alternative writ had been overruled, to see that there has been a strict compliance with section 4977, of the Revised Statutes of 1889, as interpreted by State ex rel. v. Norvell, 80 Mo. App. 180, and authorities cited.

ELLISON, J.—Emma and George Hubbel obtained judgment in the circuit court of Nodaway county against the city of Maryville for $560, which they duly assigned to the Nodaway Valley Bank. Execution was issued on the judgment and returned by the sheriff *nulla bona*. Thereupon the bank, under section 4977, Revised Statutes 1889, applied to the circuit court for a *mandamus* to compel the city to provide by a levy of taxes for the payment of the judgment. The court issued an alternative writ, which was duly served on the proper authorities. The city then filed a motion to quash on account of the insufficiency of the alternative writ. The motion was overruled and the city declining to plead further, a peremptory *mandamus* was ordered and the city has appealed.

The grounds of objection to the writ, among others, are that it fails to allege that the city of Maryville is an incorporated city and has power to levy and collect taxes, and that it fails to allege that there was no money in the city treasury applicable to the judgment.

As to the first ground, we will take judicial notice of the powers and duties of the city of Maryville under the law. Sec. 1465, R. S. 1889; Savannah v. Dickey, 33 Mo. App. 522.

The statute in relation to villages seems not to contain such provision. Hambleton v. Town of Dexter, 89 Mo. 188.

As to the second ground, the writ shows that the city and its officers refused to pay the judgment and that an execution was issued and returned by the proper officer. The officer's return itself is set out in the writ and shows that there was no property, of any kind, wherewith to make the money called for by the writ. We can not discover any practical reason for holding this writ to be fatally defective when every fact necessary to entitle the judgment creditor to relief appears with reasonable certainty.

A proceeding of this nature, authorized by the statute aforesaid, is altogether informal. State ex rel v. Slavens, 75 Mo. 508; State ex rel. v. Norvell, 80 Mo. App. 180. The case of Hambleton v. Town of Dexter, 89 Mo. 188, was not prosecuted under the statute, but instead, the usual procedure in *mandamus* was invoked. No execution was issued in that case and therefore, of course, no return was made by the sheriff. It was therefore necessary to make all the facts appear in that case unaided by an execution and return. The case is without application to the proceedings here involved.

The statute itself refutes the position taken by the city. It prescribes as the only condition to a judgment creditor's right to a writ of *mandamus* that he shall have had an execution issued out of a court of record and "returned unsatisfied in whole or in part, for want of property whereon to levy."

Other grounds of objection are not deemed to be well founded or applicable to a proceeding under the statute aforesaid. The judgment of the circuit court will therefore be affirmed. *Smith, P. J.,* concurs; *Gill, J.,* absent.