Hartman v. City of Brunswick.

---

JOHN T. HARTMAN, Respondent, v. CITY OF BRUNSWICK, Appellant.

Kansas City Court of Appeals, April 6, 1903.

1. **Appellate Practice: BILL OF EXCEPTIONS: RECORD PROPER.** Where the bill of exceptions fails to show any exception preserved which was taken at the time of the court's ruling, the bill of exceptions is thereby practically eliminated and the record proper only remains for examination.

2. **Municipal Corporations: JUDGMENT: EXECUTION: MANDAMUS.** An alternative writ which sets forth a judgment, an execution with return of *nulla bona*, that no levy had been made by the city council as authorized, and commands a levy within legal limits, contains sufficient and more even than is necessary in such informal proceeding.

Appeal from Chariton Circuit Court.—*Hon. John P. Butler*, Judge.

AFFIRMED.

*L. Benecke* for appellant.

(1)   The thirty-five cents on the hundred dollars for the interest and sinking fund, with which to pay the bonds, should have been excluded in the decree, ordering the peremptory writ of mandamus.   (2)   Revised Statutes 1899, section 1923, makes it a felony for any member of the board of aldermen to vote for the appropriation, disposition or disbursement of any money to any use or purpose other than the specific use or purpose for which the same was devised, appropriated or collected, or authorized to be collected by law. This would place the respondents in this position:   If they fail to comply with the mandamus, they are liable to be imprisoned for contempt of court, and on the other hand, if they comply with the mandamus then they are guilty of a felony under provisions of section 1923, Revised Statutes 1899.

*James C. Wallace* and *Crawley & Son* for respondent.

(1)   The alternative writ in this case recites every fact necessary to entitle respondent to the relief provided by section 3233, Revised Statutes 1899.   Hambleton v. Dexter, 89 Mo. 188.   (2)   The matters set up in the return to said writ constituted no bar to the relief demanded.   By the very terms of the Constitution, and statute authorizing the issue of the bonds mentioned in said return, the city was required "before or at the time of incurring said indebtedness, to provide for the collection of an annual tax sufficient to pay the interest on said indebtedness as it falls due, and also to constitute a sinking fund for payment of the principal thereof, within twenty years from the time of contracting the same."   Const. Mo., art. 10, sec. 12; R. S. 1899, sec. 6350.   (3)   And the tax so to be provided was in addition to the ordinary revenue.   Waterworks Co. v. City, 128 Mo. 188; Lexington v. Price, 165 Mo. 671.   (4)

After deducting the necessary expenses of carrying on the city government, plaintiff, as a judgment creditor, was entitled to have the entire annual revenue arising from taxes assessed for general purposes applied to the payment of his judgment. Webb v. Carterville, 142 Mo. 101; s. c., 153 Mo. 128. (5) Section 1923, Revised Statutes 1899, cited by appellant, has no application. We are not asking the council to violate, but to obey, the plain mandate of the law and of the trial court.

ELLISON, J.—This is a proceeding by mandamus to compel the city authorities of Brunswick, Missouri, to levy and collect a tax for the payment of a judgment of four hundred dollars which had theretofore been duly obtained against such city by the plaintiff. The trial court ordered a peremptory writ, and defendant appealed.

It seems that a portion of defendant's return to the alternative writ was stricken out on motion by plaintiff. Thereupon, plaintiff filed his motion for a peremptory writ for certain grounds therein stated. This motion was sustained and writ ordered. Thereafter, defendant filed its motion "to set aside and arrest the judgment" for certain alleged errors; and for the further reason that "upon the pleadings and record" the judgment should have been for defendant. This motion was overruled and exception taken by defendant. No other exception is preserved by the bill of exceptions save the one just mentioned. There is no exception preserved which was taken at the time of the court's ruling. This practically eliminates the bill of exceptions and leaves us to examine the record proper, which includes the alternative writ.

Passing, then, to the record proper, we find that it fully sustains the judgment of the court. The writ sets forth that plaintiff obtained a judgment against the city. That proper execution had issued and been re-

turned *nulla bona*. That defendant had not made a levy as in duty bound, although lawfully authorized and empowered so to do. The command of the writ (in the alternative) was that a levy be made within legal limits, the proceeds of which to be paid to plaintiff or his assigns, save such as was necessary to pay reasonable salaries of city officers therein named, and a police force, as provided by section 3233, Revised Statutes 1899. The writ, instead of being deficient, was, in point of fact, a fuller allegation of plaintiff's case than defendant had a right to require. It was fully up to the requirement as set out in Hambleton v. Town of Dexter, 89 Mo. 188. A much less statement would not have entitled defendant to complain, since proceedings under the statute, of the nature of these, are informal. State ex rel. v. Norvill, 80 Mo. App. 180; Hubbel v. Maryville, 85 Mo. App. 165.

The judgment of the court and the power of the city are supported by the case of Webb v. City of Carterville, 142 Mo. 101, and 153 Mo. 128.

The judgment will be affirmed. All concur.