## JULIA TIPTON HEATHER v. CITY OF PALMYRA et al., Plaintiffs in Error.

Division One, October 9, 1925.

1. **JURISDICTION: Change in Judicial Circuits: Acts of 1921.** The Act of 1921, passed at the regular session of the General Assembly, abolishing the then judicial circuits, was suspended under the referendum provisions of the Constitution, and the subsequent act on the same subject, passed at the special session held in 1921 before the election under the referendum provisions, was non-effective, and Article 3 of Chapter 21 of Revised Statutes 1919 were in force when a judgment was rendered against defendant in the Circuit Court of Macon County in December, 1922, and said circuit court had jurisdiction of a cause which was begun in Marion County in 1921, taken by change of venue on plaintiff's application to Monroe County, and from there by change of venue upon defendant's application to Macon County.

2. **EXECUTION: Returnable in Vacation.** The judgment for money being valid, a writ of execution made returnable in vacation is merely erroneous and if returned to the next succeeding term cannot be quashed for the error.

3. ———: **Motion to Quash: Change of Venue.** A motion to quash an execution is not a suit within the meaning of the statute (Secs. 1182, 1357, R. S. 1919), and the judgment debtor is not entitled to a change of venue on a hearing of his motion to quash.

Heather v. City of Palmyra.

4. **MANDAMUS: Change of Venue.** Final judgment in a damage suit having been rendered against a city, and execution having been issued and returned wholly unsatisfied, said defendant city is not entitled to a change of venue in a mandamus suit brought in the same court by the plaintiff to compel the city and its officers to make a levy of taxes to pay the judgment, where the right to change the venue has been exhausted by successive changes already granted to each of the parties in the main suit. The mandamus is merely ancillary to the main suit, and is a substitute for the unavailing process of execution against the city, and a right to a change of venue is purely statutory, and does not exist where the right to a further change has already been exhausted.

5. ————: **Amendment of Alternative Writ.** Where judgment for damages has been rendered against a city, and mandamus has been brought to compel the city and its officers to make a levy of taxes to pay it, the court does not err in permitting the plaintiff to amend the alternative writ by substituting two persons as members of the city council who have been elected successors of two others whose terms have expired.

6. ————: **Tax Rate: By Cities Under Special Charter: Act of 1921: Ten Per Cent Increase.** None of the acts of 1921, prohibiting a greater increase than ten per cent in the levy of taxes for any one year over the levy of the preceding year, applies to a city under a special charter whose population is between one thousand and ten thousand inhabitants; and in a mandamus suit to compel such a city and its officers to make a levy of taxes to pay a monetary judgment rendered in favor of relator, the court can compel a levy of fifty cents on the hundred dollars, each year until the judgment is paid.

7. ————: **Estoppel: Assessment of Judgment for Taxes.** The relator obtained a valid judgment against the city for damages, and brings suit to compel the city and its officers to make a levy of taxes to pay it. In her petition she alleges that the city attempted to add the amount of said judgment to her assessment, as a part of her property returnable for taxation, and she alleges that the city was thereby estopped to challenge the validity of the judgment, and these allegations, on motion of respondents, the court struck out. *Held,* that, the judgment being clearly valid and legal on other grounds, and its validity in no wise dependent upon estoppel, the point, whether the trial court erred in sustaining the motion, is of no importance on respondents' appeal from judgment for relator.

8. ————: **Motions for New Trial and in Arrest: Stricken from Files: No Exception.** An assignment that the trial court in the man-

311 Mo. Sup.—3.

damus suit erred in striking from the files the motion for a new trial and the motion in arrest of judgment filed by plaintiff in error is not for consideration, if the abstract shows no exception taken to the action of the court in striking them out.

9. ———: Bonded Indebtedness: Amount of Tax Levy to Pay Judgment. Whether the bonded indebtedness of the city was authorized by Section 11 or Section 12 of Article X of the Constitution, if the city is one existing under a special charter and its population is between one thousand and ten thousand inhabitants, it can be compelled by mandamus to make an annual levy of fifty cents on the hundred dollars, each year so long as necessary, to pay a valid monetary judgment against the city, and no provision of the Constitution and no statute inhibits such levy.

Corpus Juris-Cyc. References: Courts, 15 C. J., Section 224, p. 878, n. 3. Evidence, 23 C. J., Section 1882 p. 91, n. 47; Section 1987, p. 161, n. 80; p. 162, n. 84. Executions, 23 C. J., Section 864, p. 793, n. 98. Mandamus, 38 C. J., Section 397, p. 762, n. 35, 39; Section 628, p. 899, n. 73; Section 634, p. 905, n. 55; Section 668, p. 913, n. 39; Section 746, p. 946, n. 40. Municipal Corporations, 28 Cyc., p. 1640, n. 15; p. 1659, n. 7; p. 1660, n. 19; p. 1667, n. 66; p. 1701, n. 55. Venue, 40 Cyc., p. 117, n. 18; p. 121, n. 70, 85.

Appeal from Macon Circuit Court.—Hon. VERNON L. *Drain,* Judge.

AFFIRMED.

*J. F. Culler* for plaintiffs in error.

(1) The court erred in finding that the judgment upon which the writs of mandamus were issued was a valid judgment, for the reason that said judgment was void because the court in which it was rendered was without jurisdiction of either the parties or the subject-matter in the cause. Laws 1921, p. 244; Laws 1921, Ex. Sess. p. 50 et seq.; Laws 1923, p. 140 et seq., and especially in Section 2. (2) The execution which takes the place of the petition is void because it was made returnable to a day out of term, to-wit, on the second Monday in April, 1923, when, in fact, the April term of the court out of which it issued began on the third Monday in said month. Sec. 1606, R. S. 1919; Holliday v. Cooper, 3 Mo. 286. (3) The court erred in denying the application of plaintiffs in error for a change of venue of the hearing of their motion to quash said execution. State ex rel. v. Dobbs, 118

Mo. App. 663; 23 C. J. 544; Buell v. Buell, 92 Cal. 393. (4) The court erred in granting defendant in error her alternative writ of mandamus and also in rendering judgment for and granting her peremptory writ of mandamus. Laws 1921, p. 244; Laws 1921, Ex. Sess. p. 50; Laws 1923, p. 140; Sec. 1606, R. S. 1919; Holliday v. Cooper, 3 Mo. 286; Sec. 8399, as amended by Laws 1921, p. 517, and Laws 1923, p. 276; People ex rel. Stine v. Supervisors, 40 Ill. 126; Welch v. People, 38 Ill. 27; Kings County v. Johnson, 104 Cal. 198; Shields v. State, 86 Ala. 584; Dunbar v. Frazer, 78 Ala. 529; Hambelton v. Town of Dexter, 89 Mo. 188; State ex rel. Star Pub. Co. v. Associated Press, 159 Mo. 410; Sec. 1177, R. S. 1919. (5) The court erred in permitting defendant in error to amend her alternative writ of mandamus and in refusing to quash said amended writ, and permitting her to proceed under said writ. State ex rel. Jackson v. Howard Co. Court, 41 Mo. 247. (6)   An obedience to said mandate would operate to impair the obligation of contract. 3 Elliott on Contracts, sec. 2725, p. 908; Lehigh Water Co. v. Easton, 121 U. S. 388; Pliney v. Nelson, 183 U. S. 144; McMurray v. Sidwell, 155 Ind. 560; Gunn v. Barry, 15 Wall. (U. S.) 610, 21 L. Ed. 212.   The decision of a competent court has the same effect as a statute and therefore the same law applying to the statute would likewise apply to the decision of a competent court. 3 Elliott on Contracts, sec. 2763, pp. 982, 983; Havenmeyer v. Iowa City, 3 Wall. 294; Olcott v. Supervisors, 16 Wall. 678; Green County v. Conness, 109 U. S. 104; Douglass v. County of Pike, 101 U. S. 677; County of Ralls v. Douglass, 105 U. S. 728.

*Glahn & Deimer, Rendlen & White, Berryman Henwood* and *Matthews & Jones* for defendant in error.

(1)   The Macon County Circuit Court at its December term, 1921, had jurisdiction both (a) of the parties and (b) of the subject-matter and its judgment was a valid judgment. R. S. 1919, sec. 2501; State ex rel. Drain v. Becker, 240 S. W. 229; Heather v. City of Palmyra, 245

S. W. 390. Plaintiff in error appeared at the trial of the cause in question without objection or exception to the jurisdiction because of the alleged confusion as to the date of the terms, or for any other reason, and alleged no such lack of jurisdiction when it prosecuted its appeal to the Court of Appeals. (2) The execution was not void because of the fact that by inadvertance of the clerk it was made returnable a few days prior to the beginning of the next term. Further no property was taken under it. Milburn v. State, 11 Mo. 188; Estes v. Long, 71 Mo. 605. (3) No error was committed in refusing to grant the change of venue to plaintiff in error. The proceeding by mandamus is not a new suit as defined by Sec. 1182, R. S. 1919. And it is only in suits that a change of venue shall be awarded as provided by Section 1357. The last-mentioned section further provides that but one change of venue shall be granted to either party. The defendant in error had changed the venue from Marion County to Monroe County, and the plaintiff in error had changed the venue from Monroe County to Macon County. The mandamus proceeding was only a continuation of the original suit, and simply ancillary thereto. Sutton v. Cole, 155 Mo. 206; Cole v. Cole, 89 Mo. App. 228; State ex rel. v. Slavens, 75 Mo. 508; Little Tarkio Drain. Dist. v. Richardson, 237 Mo. 49; State ex rel. v. Cook, 201 S. W. 361. (4) A writ of mandamus is the method pointed out or provided by statute for a judgment creditor to collect from an unwilling debtor city. R. S. 1919, sec. 1685; State ex rel. Cassady v. Slavens, 75 Mo. 508; Hubbell v. City of Maryville, 85 Mo. App. 165; State ex rel. v. Norvelle, 80 Mo. App. 180; Hartman v. City of Brunswick, 98 Mo. App. 674; Hambleton v. Town of Dexter, 89 Mo. 188. (5) By Section 12 of Article 11 of the act incorporating the city of Palmyra under a special charter the act is declared to be a public act and may be read in evidence in courts of law and equity in this State without proof. This act was approved November 23, 1855, and is found in volume entitled ''Local laws and private acts of the State of Missouri passed at the adjourned session of the eight-

eenth General Assembly begun and held at the City of Jefferson on Monday the 5th day of November, 1855'' at page 180. Where the act of incorporation is a public act the courts take judicial notice of it. O'Brien v. Wabash, 21 Mo. App. 12; City of Springfield v. Whitlock, 34 Mo. App. 462; Kansas City v. Vineyard, 128 Mo. 75; In re Independence Ave., 128 Mo. 272; Bowie v. Kansas City, 51 Mo. 454. The courts will take judicial notice of the United States census of the city of Palmyra as shown by the returns. State ex rel. Board of Managers v. Jackson Co., 89 Mo. 237; State ex rel. Martin v. Wofford, 121 Mo. 61; State ex rel. Dickerson v. Macon Co., 129 Mo. 427; State ex rel. Garresche v. Roach, 258 Mo. 541; State ex rel. Garresche v. Drabelle, 258 Mo. 568. The census of 1920 showed that Palmyra had a population of slightly less than 2000. (a) The city of Palmyra, existing under a special charter is not affected by the provisions of Sec. 8399, R. S. 1919, as amended by the Act of March 29, 1921, Laws 1921, p. 517. Nor by that act as it was further amended by the act of April 4, 1923, Laws 1923, pp. 276, 277, 278. The act of March 29, 1921, applies to cities of the fourth class. A companion act was passed by the same Legislature and approved March 29, 1921, which affects cities only of the third class; this is found in Laws 1921, pp. 518, 519, 520. A companion act was passed by the same Legislature and approved March 29, 1921, which affects only cities of the second class. This is found in Laws 1921, pp. 521, 522. A companion act was passed by the same Legislature and approved March 29, 1921, and is found in Laws 1921, p. 522, and this act affects only towns and villages. A companion act was passed by the same Legislature and approved March 29, 1921, which affects certain cities organized under a special charter; but by its terms it is specifically limited to those cities which contain more than 30,000 people and less than 50,000, so that none of these acts which undertake to limit the amount of assessments in any way affect the city of Palmyra. The only one of these acts that the plaintiff in error has pleaded is Section 8399, which applies

only to cities of the fourth class, and does not in any wise apply to the city of Palmyra. (6) No error was made in permitting the amendment of the alternative. writ of mandamus. Sec. 1290, R. S. 1919; State ex rel. Printing Co. v. Dryer, 183 Mo. App. 463; State ex rel. Harrison v. Hill, 211 Mo. App. 623; State ex rel. Bank v. Bourne, 151 Mo. App. 104; State ex rel. v. Hudson, 226 Mo. 239; State ex rel. v. Baggott, 96 Mo. 63. (7) An obedience to the peremptory writ of mandamus, would not impair, or otherwise affect any existing contract of the plaintiff in error with respect to its bonded indebtedness. Mo. Constitution, Art. 10, sec. 12; State ex rel. v. Allen, 183 Mo. 283; Evans v. McFarland, 186 Mo. 703; Black v. Early, 208 Mo. 281; State ex rel. city of Dexter v. Gordon, 251 Mo. 303; State ex rel. v. Hackman, 275 Mo. 534. (a) The above provision of the Constitution is mandatory and self enforcing without any further legislative enactment. (b) In the absence of proof to the contrary it is to be presumed that in issuing its bonds, the city and its officials complied with the mandatory provisions of the Constitution. Delmar Inv. Co. v. Lewis, 271 Mo. 317; Kansas City v. Brown, 286 Mo. 1. The city of Palmyra (being under a special charter and) having a population of more than 1000 persons and less than 10,000 persons, the tax rate is limited to fifty cents on the hundred dollars valuation; this restriction applies to taxes of every kind and description, whether general or special, except taxes to pay valid indebtedness. Mo. Constitution, Art. 10, sec. 11; Board of Commrs. v. Peter, 253 Mo. 520.

LINDSAY, C.—Julia Tipton Heather obtained in the Circuit Court of Macon County a judgment against the city of Palmyra for $7,000, for personal injuries sustained by her, which, upon appeal, was affirmed by the Kansas City Court of Appeals. [245 S. W. 390.] Execution issued thereon and was returned wholly unsatisfied. She then obtained from the Macon Circuit Court a writ of mandamus, requiring the city and its officers to make a levy of taxes for the payment of the judgment.

The proceeding here upon writ of error seeks to reverse the judgment awarding a peremptory writ of mandamus. The amount in dispute, exclusive of costs, is in excess of $7,500, and certain constitutional questions were raised.

I.  The plaintiffs in error challenge the validity of the original judgment, asserting that the Circuit Court of Macon County was without jurisdiction, either of the parties or of the subject-matter. The question of lack of jurisdiction was not raised upon appeal to the Court of Appeals. The contention here made by plaintiffs in error is based upon the provisions of certain acts of 1921 and 1923. [Laws 1921, p. 244; Laws 1921, Extra Session, p. 50; Laws 1923, p. 140.] These were the acts undertaking to abolish the judicial circuits of the State theretofore existing.

*Jurisdiction.*

The suit originally was brought to the October term, 1921, of the Circuit Court of Marion County, the court wherein the city of Palmyra is situated. At that term, on application of the plaintiff, the venue was changed to Monroe County, and thence, on application of the city, the venue was changed to Macon County. A trial was had at Macon City at the December term, 1922, of the Circuit Court of Macon County, and the judgment was rendered on February 1, 1922, during said December term. At and prior to the time of the passage at the regular session of the Act of 1921, Article 3 of Chapter 21, Revised Statutes 1919, was in force, and Section 2501 of that article. That section provided, among other terms of court, for a regular term of the Circuit Court of Macon County at Macon City on the second Monday of December of each year. The Act of 1921, passed at the regular session, was suspended under the referendum provisions of the Constitution. The subsequent act on the same subject, passed at the special session of 1921 before the election under the referendum provision, was non-effective. These matters were determined and settled, and are set forth in State ex rel. Drain v. Becker,

240 S. W. 229. The provisions of Article 3, Chapter 21, Revised Statutes 1919, and Section 2501 of that article, were in force at the time the judgment was rendered. The subsequent act, Laws 1923, with its emergency clause, repealed Article 3, Chapter 21, Revised Statutes 1919, and fixed the times of holding court in the judicial circuits of the State, but did not change the times of holding the regular terms of circuit court in Macon County. Beyond all that, the city appeared in the original action, submitted its defense and raised no question then, nor on appeal, of lack of jurisdiction. The jurisdiction of the Circuit Court of Macon County over the parties, and over the subject-matter, cannot be doubted.

II. The plaintiffs in error next contend that the execution issued on the judgment was void. An execution against a city returned unsatisfied, forms the basis upon which the writ of mandamus against the city and its officials may issue, under the provisions of Section 1685, Revised Statutes 1919. The execution issued out of the Macon County Circuit Court was issued January 16, 1923, and it was made returnable to that court on the second Monday in April, 1923. The objection is that whereas it so ran, the next succeeding (April) term of said court, under the statute, began on the third Monday of April, 1923. The return of the execution was in fact made at the next succeeding April term, 1923.

**Execution: Returnable in Vacation.**

The city, on January 31, 1923, filed its motion to quash the execution. The grounds of the motion to quash were (1) that the Macon Circuit Court was without jurisdiction to render the judgment, and that the clerk of that court was without authority to issue the execution; (2) that the Sheriff of Macon County was without authority to serve the execution; (3) that the city, at prior times, had contracted obligations in the issues of its bonds, and that any order, decree or resolution directing payment of said judgment at that time would impair the obligation of the city's contract under said bonds, in violation of

Section 10 of Article I of the Constitution of the United States, depriving the city of its property without due process of law and denying to it the equal protection of the laws. The city applied for a change of venue upon the hearing of its motion to quash the execution, which motion was denied and error is assigned upon that.

Enough has been said already upon the question of the validity of the judgment. The consequent authority of the clerk to issue execution thereon is equally clear. In support of the contention that the execution was void, because it was, upon its face, returnable in vacation, or, one week before the April, 1923, term of court, counsel cite Holliday v. Cooper, 3 Mo. 286. That case has no reference to the issuance of the writ of execution, but treats of the original summons issued upon the filing of the plaintiff's petition, the object of which was to notify the defendant of the action and the time and place of holding court. The writ there was the original process, a writ requiring the defendant to appear and answer on the fourth Monday of July, while by the law the term of court at which he was to appear was the first Monday of July. The writ was held void as being one "returnable to no term known to the law of the land." The writ here was final process. Section 1606, Revised Statutes 1919, provides: "Every execution issued from any court of record shall be made returnable at the next succeeding term, unless the plaintiff, or person to whose use the suit was brought, shall otherwise direct; then it shall be the duty of the clerk issuing the same to make it returnable to the second succeeding term." In Milburn v. State, 11 Mo. 188, under the like statutory provision, the question was whether an execution made returnable in vacation was void or only erroneous. It was said at page 191: "The writ in this case was made returnable in vacation, whereas the law requires it to be made returnable to the next succeeding term unless the plaintiff otherwise directs. Does this error make the writ void? The authorities cited at the bar are decisive upon this point. A writ returnable out of term is merely erroneous and not void."

The suit there was on the bond of a sheriff for failure to serve the execution in question, and it was held the officer was bound to execute the writ and to make return at the succeeding term, and was liable for refusal or failure to do so. This was held to be settled law as to final process.

Also, in Estes v. Long, 71 Mo. 605, it was held that an execution issued out of a court of record, and by mistake of the clerk made returnable before the time fixed by law, is not for that reason void, but continues in force until the time when, by law, it is returnable, and a levy may be made at any day before that time. In this case no property was levied upon, nor money paid under the execution. The return was duly made at the succeeding term. The contention of plaintiffs in error upon this point cannot be allowed.

III. In support of the claim that the court erred in denying the application for change of venue of the hearing of the motion to quash the execution, counsel cite State ex rel. v. Dabbs, 118 Mo. App. 663. The case is not in point here. It involved an application for change of venue in a suit pending. Here the proceeding upon the motion to quash the execution was not in a suit within the meaning of Section 1182, nor within the contemplation of Section 1357, the section authorizing change of venue in civil suits.

*Change of Venue.*

IV. The plaintiffs in error have assigned error in that the court denied the city's application for a change of venue in the mandamus proceeding. "The right to a change of venue is purely statutory, and does not exist except in those instances where the statute gives them." [Cole v. Cole, 89 Mo. App. 1. c. 233; State ex rel. v. Wofford, 119 Mo. 408; State v. Witherspoon, 231 Mo. 716.]

*Mandamus: Change of Venue.*

It is to be borne in mind that in the suit itself, each party had been allowed a change of venue. The mandamus was a proceeding merely ancillary to the suit; a continuation thereof, a species of final process under the

statute; a substitute for the unavailing process of execution against a city. [Section 1685, R. S. 1919; 26 Cyc. 307; State ex rel. v. Slavens, 75 Mo. 508; State ex rel. Hentschell v. Cook, 201 S. W. (Mo. App.) 361; Hubbel v. City of Maryville, 85 Mo. App. 165; State ex rel. v. Norvell, 80 Mo. App. 180; Hartman v. City of Brunswick, 98 Mo. App. 674; Hambleton v. Town of Dexter, 89 Mo. 188.] The proceeding being of the nature it was, the right to a change of venue did not exist. [State ex rel. v. Slavens, supra; State ex rel. v. Cook, supra; Sutton v. Cole, 155 Mo. 206.]

V. Complaint is made that the court committed error in allowing defendant in error to amend the alternative writ of mandamus. The amendment consisted of the substitution of two persons as members **Amendment.** of the council of the city, in lieu of, and as successors of, two others whose terms had expired. There was no error in doing so. The mandamus proceeding authorized by Section 1685 is informal in character. The right of amendment is given by Section 1290, Revised Statutes 1919, in respect of all writs of mandamus.

VI. Plaintiffs in error complain in that the court, upon motion of defendant in error, struck out a part of the amended return. The portion stricken out pleaded **Tax** that the complete assessment of taxable property **Rate.** in the city of Palmyra, finally settled by the city council as a board of equalization on July 24, 1923, amounted to $2,783,159; that the completed assessment for 1922 was $1,449,274; that the tax levy for 1922 was fifty cents on the $100 valuation; that under the provisions of Section 8399, Revised Statutes 1919, as amended by the act approved March 29, 1921, Laws 1921, page 517, and again amended by the act approved April 4, 1923, Laws 1923, page 276, the city was not authorized to levy in excess of twenty-nine cents on the $100 valuation, and that any levy in excess of twenty-nine cents would be

in violation of said act unless authorized by a majority of the voters, at an election held for that purpose. The city of Palmyra is a city incorporated under a special charter, under an act approved November 23, 1885. [Laws Local and Private, 1855, pages 180-192.] By Section 12 of Article 11 of that act, it was declared to be "a public act, and may be read in evidence in all courts of law and equity in this State without proof." It is an act of which the courts take judicial notice. [Kansas City v. Vineyard, 128 Mo. 75; In re Independence Ave. Blvd., 128 Mo. 272; Bowie v. Kansas City, 51 Mo. 454; City of Springfield v. Whitlock, 34 Mo. App. 642.]

Judicial notice is also taken of the population of said city under the Federal census returns. [State ex rel. v. Jackson County, 89 Mo. 237; State ex rel. v. Wofford, 121 Mo. 61.] By census returns of 1920, the city had a population of 1964.

Section 8399, Revised Statutes 1919, was a part of the charter of cities of the fourth class, and the amendatory act mentioned was expressly amendatory of that section.

Like acts were passed in 1921, applicable to cities of other classes: One applicable to the cities of the third class (Laws 1921, p. 518); one applicable to cities of the second class (Laws 1921, p. 521); one applicable to towns and villages (Laws 1921, p. 522); and one applicable to cities under special charters, having more than 30,000 inhabitants and less than 50,000 inhabitants (Laws 1921, p. 520). None of said acts purported to apply to cities under special charters, except the one last mentioned, which could have no application to the city of Palmyra. As a city with a population in excess of 1000 and less than 10,000 inhabitants, the limit of its levy for city and town purposes under the Constitution (Sec. 11, art. 10), was fifty cents on the $100 valuation. Under the terms of the various acts just mentioned, the Legislature did not undertake to limit, and did not limit the levy in cities under special charters, and having a population in excess of 1000 and less than 10,000 inhabitants. The

court directed that a levy be made of fifty cents upon the $100 valuation.

Counsel for defendant in error suggest that the acts of 1921 concerning levies by cities are unconstitutional; as being in violation of Section 11, Article 10, of the Constitution. But the Act of 1921, applicable to cities of the third class, was held valid in State ex rel. Sedalia v. Weinrich, 291 Mo. 461. The amendments in said acts applying as they do to cities of the second, third and fourth classes, and to towns and villages organized under general laws and to cities under special charters having more than 30,000 and less than 50,000 inhabitants, do not apply to the city of Palmyra, a city under a special charter, and having more than 1000 and less than 10,000 inhabitants.

VII. Complaint is made that the court erred in overruling the motion of plaintiffs in error to strike out part of the answer of the defendant in error, alleging an attempt of the city to add to the assessment of defendant in error, the amount of said judgment as a part of her property returnable for taxation.

Estoppel:
Valid
Judgment.

Defendant in error pleaded the issuance of an order by the council of the city directing the city assessor to assess the judgment against her in the sum of $7,000, and pleaded also that thereby the city was estopped to deny the validity of said judgment. Counsel have cited nothing upon the question whether the city was estopped by this action, to challenge the legality of the judgment. The question is one of no importance. The court below, of course, held that the judgment was valid. Its holding is sustained on the ground that the judgment was rendered upon a trial had in a court of competent jurisdiction, at a regular term of that court, at which and throughout the case from its inception, the city without objecting appeared and made its defense, and being unsuccessful, appealed, and on appeal raised no issue as to jurisdiction. The objections made to the

jurisdiction of the Circuit Court of Macon County to render judgment, based upon the acts of the regular and special sessions of the Legislature of 1921, as has been said, were settled by the decision in State ex rel. Drain v. Becker, supra; and the Act of 1923, which contained an emergency clause did not change the terms for holding court at Macon City.

VIII. Complaint is made of the action of the court in striking from the files the motion for a new trial and motion in arrest of judgment in the mandamus proceeding. There is a bill of exceptions here, setting out the evidence taken in that proceeding; but it does not

Striking Out Motions.

show said motions, nor does it contain any reference whatever to them. The abstract of the record proper contains the statement that these motions were filed, and they are set out in the abstract, as also is the motion of defendant in error to strike them from the files, and the statement that the motion to strike out was sustained. There is no statement anywhere, showing an exception taken to the action of the court in sustaining the motion to strike them from the files. On that account, his action in doing so is not reviewable here. [State ex rel. v. Sanford, 181 Mo. 134.] Beyond that, it must be said that the motion for a new trial and motion in arrest contain nothing not included in the assignments of error, filed here, and considered here.

IX. It is urged that because the city was indebted under certain issues of bonds previously made, obedience to the writ would make it impossible for the city to liquidate those contracts; that they would have to be met by taxation; that any statute making it impossible for the taxing body to liquidate interest on its bonded indebtedness is unconstitutional as impairing the obligation of the contract; that the decision of a competent court has the same affect as the statute, and the law

applying to a statute would likewise apply to the decision of such court.

The testimony was that there were bonds of the city unpaid to the amount of about $25,000. There was no evidence showing the purpose of their issue, nor the time of maturity. There was evidence that the increase in the total of the assessment of 1923, over the total of the assessment of 1922, was due mainly to the addition by the assessor, upon order of the council, of the sum of $1,400,000, as the assessment of the personal property of the "Bowles estate," it being an assessment of $100,000 a year against said estate for a total of fourteen years, during which time, there had been no assessment of the personal property of that estate. The peremptory writ was granted October 1, 1923. It commanded the plaintiffs in error to proceed to levy, assess and collect a tax of fifty cents on the $100 valuation, and to do so from year to year as occasion required until said judgment and costs were paid, and that the same be paid to defendant in error, "except such amount thereof as may be necessary to pay the reasonable salary allowed by law to the mayor, council, assessor, marshal, constable, attorney and a reasonable police force for said city of Palmyra." There was no showing as to any levy ever made, or any required to be made, to meet the contracts of the city under said bonds. The allegation of the return to the amended alternative writ was that these bonds had been issued between the years 1909 and 1921. There is no showing whether these bonds were issued for the purposes authorized in Section 11 of Article X of the Constitution, or issued under the authority given by Section 12 of that article. In either event an annual tax could be imposed to meet the obligations of such contracts, even though it resulted in a total levy of taxes in excess of fifty cents on the $100. [Lamar Water & E. L. Co. v. Lamar, 128 Mo. 188.] If the bonds were issued under the authority of Section 12, of Article X, the city was required before or at the time of incurring such in-

debtedness to ''provide for the collection of an annual tax sufficient to pay the interest on such indebtness after it falls due and also to constitute a sinking fund for the payment of the principal thereof within twenty years from the time of contracting the same.'' This provision is mandatory and is self enforcing. [State ex rel. v. Hackmann, 275 Mo. 534; State ex rel. v. Gordon, 251 Mo. 303; Black v. Early, 208 Mo. 281; State ex rel. v. Allen, 183 Mo. 283.]

There being no evidence to the contrary it must be presumed that the city officials complied with the mandatory provisions of the Constitution. [Delmar Inv. Co. v. Lewis, 271 Mo. 317; Kansas City v. Brown, 286 Mo. 1.] This being so, the tax to be levied under the peremptory writ does not prevent the levy of the tax to meet the city's obligation under its bond issues, and the judgment does not, in its effect, impair the obligation of those contracts.

It results that the judgment awarding the peremptory writ of mandamus must be affirmed. *Seddon, C.,* concurs.

PER CURIAM:—The foregoing opinion by LINDSAY, C., is adopted as the opinion of the court. *Ragland, P. J., Graves* and *Atwood, JJ.,* concur; *Woodson, J.,* absent.